IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 09-cv-1116 |
| | ) |
| MARGARET MESSMER, | ) |
| PATRICIA O'KANE, ANTHONY J. FLATI | ) |
| AND RICHARD A. FLATI, Co-Executors | ) |
| of the Estate of Theresa Flati, and | ) |
| NEGLEY PARK HOMEOWNERS | ) |
| ASSOCIATION COUNCIL, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Defendants have moved for Rule 11 sanctions for the filing by Plaintiff of (i) Complaint and Amended Complaint (Document Nos. 20, 31, and 44) and (ii) Petition for Temporary Restraining Order (Document Nos. 25 and 41).

In response, Plaintiff filed *pro se* PETITIONER'S OPPOSITION TO RESPONDENT'S NOTICE OF RULE 11 MOTION TO DISMISS AND SUPPORTING DECLARATIONS (Document No. 37), which is comprised of 100 pages.

Defendants request the Court to enter an Order imposing Rule 11 sanctions upon Plaintiff because the instant lawsuit is simply an attempt by Plaintiff "to relitigate issues that have already been adjudicated" by the Court of Common Pleas of Allegheny County and the City of Pittsburgh Commission on Human Relations.

"The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (*citing Bus. Guides v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533,

1

546-47 (1991)).  Reasonableness in the context of Rule 11, is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Id*.  Sanctions are appropriate only if "the filing of the Complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).

Under Rule 11(b)(2), a pro se litigant is required to conduct a reasonable inquiry into the legal underpinnings of their claims before signing a complaint.  *See also* 1993 Advisory Committee Note ("[Subdivision b requires] attorneys and pro se litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents, and prescribing sanctions for violation of these obligations. . . .  The rule requires litigants to 'stop-and-think' before initially making legal or factual contentions. . . .")

Accordingly, Plaintiff's status as a pro se litigant does not shield her from Rule 11 sanctions, and a number of courts have imposed Rule 11 sanctions on pro se plaintiffs who have not performed the factual and legal research required under the Rule.  *See, e.g., De Nardo v. Murphy*, 781 F.2d 1345 (9th Cir.), *cert. denied,* 476 U.S. 1111 (1986) (sanctions imposed on pro se plaintiff); *Calesnick v. Redevelopment Auth. of Phila.*, No. 88-1448 (E.D. Pa. Sept. 28, 1988) (imposing sanctions on pro se plaintiffs and issuing a permanent injunction barring them from filing future related lawsuits); *Johnson v. United States*, 607 F.Supp. 347 (E.D. Pa.1985) (sanctions imposed upon pro se plaintiff for failing to make reasonable inquiry before filing petition to quash summons).

As the Memorandum Opinion and Order filed simultaneously herewith details, Plaintiff's federal lawsuit is virtually identical to her claims filed in the Court of Common Pleas of Allegheny County and the City of Pittsburgh Commission on Human Relations.    However, with that said, the Court is cognizant that Plaintiff should be held to a less stringent standard because of

her pro se status.  It is undeniable that Plaintiff has filed a "seemingly endless barrage of other civil and administrative cases" against these same defendants raising the same issues, which have all been conclusively dealt with by the courts and the City of Pittsburgh Commission on Human Relations.  Ironically, Plaintiff defends her position by stating that "[t]he failing health and well-being of the Petitioner and the strain of the numerous simultaneously filing of motions and petitions by Respondents are thwarting her rights to seek due process, and to have the Respondent to continue to vigorously go after the Petitioner and her family is causing her greater unnecessary stress emotionally and physically, . . . ." Resp. at 10-11.

The same most definitely could be said of Defendants.  The unrelenting litigation and complaints brought against them by Plaintiff must not only be infuriating to Defendants, but has forced them to incur significant economic consequences, *i.e.*, attorneys fees.

The Court of Common Pleas, after conducting a non-jury trial, found that Plaintiff's claims involving the proposed sale of the Messmer unit was frivolous, and that Plaintiff's actions "def[ied] logic" and that she "had no good faith justification for bringing or pursuing" the claims.  Accordingly, the court ordered Plaintiff to pay damages to Messmer in the principal amount of $148,923.70, an amount which remains unpaid to date.

After deliberate consideration, and in light of the fact that Plaintiff has forced these same Defendants to defend themselves numerous times in various venues on the same claims, and the same resolution has been reached previously by the Court of Common Pleas of Allegheny County, the Pennsylvania Superior Court, the Pennsylvania Supreme Court, the United States Supreme Court, and the City of Pittsburgh Commission on Human Relations on the same issue(s), the Court finds and rules, that Plaintiff's filing of the Complaint and Amended Complaint in this matter constitute "abusive litigation or misuse of the court's process" and, thus, Defendants' motions for

3

sanctions will be granted. The Court adopts and incorporates by reference its Memorandum Opinion and Order of Court filed simultaneously herewith.

    An appropriate Order follows.

                              McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 09-cv-1116 |
| ) | |
| MARGARET MESSMER, ) | |
| PATRICIA O'KANE, ANTHONY J. FLATI ) | |
| AND RICHARD A. FLATI, Co-Executors ) | |
| of the Estate of Theresa Flati, and ) | |
| NEGLEY PARK HOMEOWNERS ) | |
| ASSOCIATION COUNCIL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**AND NOW**, this 9th day of February, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motions for Rule 11 Sanctions (Document Nos. 20, 25, 31, 41, and 44) are **GRANTED** in part as follows**:**

1.  Defendants' request for reasonable attorney's fees is **GRANTED**. Accordingly, on or before **March 2, 2010,** counsel for Defendants, including counsel for Marija Dunn, shall file a Petition for Reasonable Attorney's Fees, supported by Affidavit(s), which Defendants incurred as a direct result of the filing by Plaintiff of her Complaint and Amended Complaint in this lawsuit. Said affidavit(s) shall include documentation to support any fee request, including, but not limited to, the issue of prevailing market rates in Pittsburgh, the fair and reasonableness of the fees and costs being requested, the detail of the time expended, the usual billing rates of all attorneys and support staff for whom work is claimed, and detailed fee statements, which include the hourly rates for all attorneys and support staff.

**2.** Plaintiff is entitled to a fair opportunity to review and consider the specifics of the fee application(s), as well as to respond in a meaningful way. Plaintiff shall file, if she so desires, any response in opposition to the request for attorney's fees on or before **March 30, 2010.**

The Court cautions Plaintiff that should she file additional frivolous lawsuits against these Defendants which involve these same issues, the Court will not hesitate to impose additional sanctions, pursuant to the Court's inherent power to protect the court's from oppressive and frivolous litigation. See 28 U.S.C. § 1651; *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir.), *cert. denied,* 498 U.S. 806 (1990) (holding that Section 1651(a) authorizes district courts to issue an injunction thereby restricting federal court access to parties who repeatedly file frivolous lawsuits).

Any and all other sanctions requested by Defendants are **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Carole L. Taylor
1406 North Negley Avenue
Pittsburgh, PA 15206
(via Regular United States Postal Mail and
Certified Mail, Return Receipt Requested)

Robert J. Williams, Esquire
Schnader, Harrison, Segal & Lewis
Email: rwilliams@schnader.com

Robert J. Garvin, Esquire
Goldberg, Kamin & Garvin
Email: robertg@gkgattorneys.com

Arnold M. Epstein, Esquire
Brennan, Robins & Daley
Fort Pitt Commons
Email: aepstein@brd-law.com