# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 09- cv-1116 |
| ) | |
| MARGARET MESSMER; ) | |
| MARTHA MESSMER, Executrix of the ) | |
| Estate of Patricia O'Kane; ) | |
| ANTHONY FLATI and RICHARD FLATI, ) | |
| Co-Executors of the Estate of Theresa Flati; ) | |
| and NEGLEY PARK HOMEOWNER'S ) | |
| ASSOCIATION COUNCIL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following:

(i) DEFENDANT NEGLEY PARK HOMEOWNERS ASSOCIATION COUNCIL'S PETITION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS (Document No. 56) and the RESPONSE IN OPPOSITION and MEMORANDUM OF LAW IN OPPOSITION filed by Plaintiff Carole L. Taylor (Document Nos. 60 and 61); and

(ii) DEFENDANTS' PETITION FOR REASONABLE ATTORNEY'S FEES AND COSTS filed by Defendants Margaret Messmer; Martha Messmer, Executrix of the Estate of Patricia O'Kane; Anthony J. Flati and Richard A. Flati, co-executors of the Estate of Theresa Flati (Document No. 57) and the RESPONSE IN OPPOSITION and MEMORANDUM OF LAW IN OPPOSITION filed by Plaintiff Carole L. Taylor (Document Nos. 59 and 61).

In support of its motion, counsel for Negley Park Homeowners Association Council has submitted the Statements of Attorney Hours expended by the law firm of Goldberg, Kamin & Garvin, and the Affidavits of Robert J. Garvin, Esquire; David A. Wolfe, Esquire; Robert Mandell, Esquire; Thomas J. McClain, Esquire; and Scott M. Hare, Esquire in support of its request for attorney fees and costs. *See* Document No. 56.

In support of their motion, counsel for Margaret Messmer; Martha Messmer, Executrix of the Estate of Patricia O'Kane; Anthony J. Flati and Richard A. Flati, co-executors of the Estate of Theresa Flati have submitted detailed invoices submitted by Schnader Harrison Segal & Lewis LLP, and the Affidavits of Eric T. Smith, Esquire; Robert J. Williams, Esquire; Emily M. Ayoub, Esquire; and Daniel P. Stefko, Esquire in support of their request for attorney fees and costs. *See* Document No. 57.

By Order entered on February 9, 2011 (Document No. 48), the Court granted Defendants' request for reasonable attorneys fees and costs. Prior to the filing of Defendants' fee petitions, however, the Court was advised that Plaintiff had filed a voluntary petition for Chapter 13 bankruptcy in the United States District Court for the Western District of Pennsylvania and, in accordance with 11 U.S.C. § 362 of the Bankruptcy Code, the case was stayed.

On April 18, 2011, the Bankruptcy Court granted relief from the automatic stay, *inter alia*, to liquidate the attorneys' fee awards. Thereafter, by Order of May 6, 2011, the Court directed that counsel for Defendants shall file their Petition(s) for Reasonable Attorneys Fees and Costs, which Defendants incurred as a direct result of the filing by Plaintiff of her Complaint and Amended Complaint in this lawsuit.

Defendants timely have submitted their Petitions for Attorney Fees and Expenses and Plaintiff timely filed her responses in opposition in which she objects to the requested attorney fees on the grounds that they are "excessive, unreasonable and greatly exaggerated."

1.      Hourly Rates

A reasonable hourly rate is to be calculated in accordance with the "prevailing market rate" in the "relevant community." The United States Court of Appeals for the Third Circuit embraces the "forum rate rule," in which the relevant community is generally the forum in which the suit was filed. *Interfaith Community,* 426 F.3d at 703-05. The relevant rate is to be calculated at the time of the fee petition, rather than the rate at the time the services were actually performed. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001). The Court must base its decision on the record, rather than a generalized sense of what is customary or proper. *Coleman v. Kaye,* 87 F.3d 1491, 1510 (3d Cir. 1996). The rate should take into account prevailing counsel's skill and experience, the nature and complexity of the matter at issue, and should be evaluated with reference to the rates charged by comparable practitioners in the community. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). A reasonable fee is sufficient to attract competent counsel, but does not produce a windfall for the attorneys.

Attorneys Robert J. Garvin, David A. Wolf, and Robert W. Mandell of the law firm Goldberg , Kamin & Garvin have requested $225 per hour for their work on behalf of Negley Park Homeowners Association Council. The Court concludes, on the record before it, that the prevailing hourly rates proposed by these attorneys is reasonable for the Pittsburgh legal community and will adopt them.

Likewise, the Court concludes, on the record before it, that the prevailing hourly rates proposed by the attorneys from the law firm of Schnader Harrison Segal & Lewis LLP for their work on behalf of Margaret Messmer; Martha Messmer, Executrix for the Estate of Patricia O'Kane; Anthony J. Flati and Richard A. Flati, co-executors of the Estate of Theresa Flati are reasonable for the Pittsburgh legal community and will adopt them as well. Attorneys Eric T. Smith and Robert J. Williams have requested $275 per hour for their work and Attorney Emily M. Ayoub has requested $225 per hour. The Court notes that the billing rates of all three attorneys was discounted for this matter from the regular hourly billing rates normally charged by these attorneys.

2. Hours Claimed

District courts are instructed to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community*, 426 F.3d at 703 n.5. A prevailing party may only recover for time reasonably expended and the Court must exclude time that was excessive, redundant, or unnecessary. *Id.* at 711.

The attorneys for Negley Park Homeowners Association Council have submitted a billing detail statement for the law firm of Goldberg, Kamin & Garvin for work performed for the period August 27, 2009 through February 24, 2010, which reflects a total of 38.7 hours of time totaling $8,707.50. The Court finds that the hours claimed by Goldberg, Kamin & Garvin are reasonable under the circumstances of this case.

Schnader Harrison Segal & Lewis, LLP, the attorneys for Margaret Messmer; Martha Messmer, Executrix for the Estate of Patricia O'Kane; Anthony J. Flati and Richard A. Flati,

co-executors of the Estate of Theresa Flati have also submitted billing detail statements for work they performed for the period September 1, 2009 through May 31, 2011, which reflects a total of 144.3 hours of time totaling $33,119.50. Again, the Court finds that the hours claimed by Schnader Harrison Segal & Lewis, LLP are reasonable under the circumstances of this case.

3.      Costs

The attorneys for Negley Park Homeowners Association Council are not seeking reimbursement for any costs incurred by the law firm.

Schnader Harrison Segal & Lewis, LLP has submitted billing statements which contain sufficient information for the Court to determine that this law firm expended a total of $491.97 in costs and expenses for legal research, postage, copy charges, and Pacer database. The Court finds that the costs requested by Schnader Harrison Segal & Lewis, LLP are reasonable and Defendants Margaret Messmer; Martha Messmer, Executrix for the Estate of Patricia O'Kane; Anthony J. Flati and Richard A. Flati, co-executors of the Estate of Theresa Flati may recover costs in the total amount of $491.97.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLE L. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-1116 |
| | ) | |
| MARGARET MESSMER; | ) | |
| MARTHA MESSMER, Executrix of the | ) | |
| Estate of Patricia O'Kane; | ) | |
| ANTHONY FLATI and RICHARD FLATI, | ) | |
| Co-Executors of the Estate of Theresa Flati; | ) | |
| and NEGLEY PARK HOMEOWNER'S | ) | |
| ASSOCIATION COUNCIL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

**AND NOW**, this 9th day of August, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the PETITION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS filed by counsel for Negley Park Homeowners Association Counsel and the PETITION FOR REASONABLE ATTORNEY'S FEES AND COSTS filed by counsel for Defendants Margaret Messmer; Martha Messmer, Executrix of the Estate of Patricia O'Kane; Anthony J. Flati and Richard A. Flati, co-executors of the Estate of Theresa Flati are **GRANTED**. On or before **September 9, 2011**, or upon such other terms as the parties may agree, Plaintiff, Carole L. Taylor, shall pay Defendants the following amounts:

1. Goldberg, Kamin & Garvin counsel fees of $8,707.50;

2. Schnader Harrison Segal & Lewis, LLP counsel fees of $33,119.50 , plus costs of $491.97, for a total of $33,611.47.

The grand total of recoverable counsel fees and costs is **$42,318.97**.

Plaintiff's failure, neglect, or refusal to timely and fully comply with the terms, conditions, and requirements of this Order of Court may result in the imposition of additional sanctions including, but not limited to, a fine in an amount to be determined per day of non-compliance.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Marvin Leibowitz, Esquire
Marvin Leibowitz & Associates
Corporate Center
Suite 619, One Bigelow Square
Pittsburgh, PA 15219

Robert J. Williams, Esquire

Schnader, Harrison, Segal & Lewis
Email: rwilliams@schnader.com

Robert J. Garvin, Esquire
Goldberg, Kamin & Garvin
Email: robertg@gkgattorneys.com