**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CAROLE L. TAYLOR,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )          02: 09- cv-1116
                                           )
MARGARET MESSMER;                          )
MARTHA MESSMER, Executrix of the           )
Estate of Patricia O'Kane;                 )
ANTHONY FLATI and RICHARD FLATI,           )
Co-Executors of the Estate of Theresa Flati; )
and NEGLEY PARK HOMEOWNER'S                 )
ASSOCIATION COUNCIL,                       )
                                           )
                    Defendants.            )

**MEMORANDUM ORDER**

As the Court has noted previously, the history between these parties is lengthy and

tumultuous.   This lawsuit was commenced on August 20, 2009, by the filing of a *pro se*

Complaint  and Motion for Temporary Restraining Order by Plaintiff, Carole L. Taylor.   The

federal Complaint was virtually identical to Plaintiff's claims filed in the Court of Common

Pleas of Allegheny County and the City of Pittsburgh Commission on Human Relations.

Defendants each filed timely Motions to Dismiss and Plaintiff filed Responses to these motions

on December 14, 2009.  While the matter was under consideration by the Court, and without

leave of Court being sought, Plaintiff filed an Amended Complaint on December 31, 2009.

Thereafter, counsel for each of the Defendants filed Motions to Dismiss the Amended

Complaint.

Defendants also each filed a Motion for Sanctions pursuant to Federal Rule of Civil

Procedure 11, which requested in addition to sanctions,  an award of attorney fees.

By Memorandum Opinion and Order of Court filed on February 9, 2010, the Court granted the Motions to Dismiss in their entirety and dismissed with prejudice Plaintiff's Amended Complaint and Petition for Temporary Restraining Order (Document No. 47).  On that same day, the Court also filed a separate Memorandum Opinion and Order of Court in which it granted in part and denied in part the Motions for Sanctions.  The Court granted the requests of Defendants for their attorneys fees, cautioned Plaintiff that should she file additional frivolous lawsuits against these same defendants which involve these same issues, the Court would not hesitate to impose additional sanctions, and denied all other sanctions requested by Defendants.  The Order set deadlines by which the Defendants were directed to submit Petitions for Reasonable Attorney's Fees, as well as a deadline for response by Plaintiff.

Prior to Defendants' filing of their fee petitions, the Court was notified that Plaintiff had filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania.  Accordingly, in accordance with 11 U.S.C. § 362 of the Bankruptcy Code, an Order staying the case was entered by the Court.

On April 18, 2011, the Bankruptcy Court granted relief from the automatic stay to, *inter alia*, liquidate the attorneys' fee awards.  Accordingly, the Court issued an Order which established new deadlines by which the Defendants were directed to submit Petitions for Reasonable Attorney's Fees, as well as a deadline for a response by Plaintiff.

The fee petitions and objections thereto were submitted in a timely fashion.  By Memorandum Opinion and Order of  August 9, 2011, the Court ordered that Carole L. Taylor pay the grand total of recoverable counsel fees and costs to Defendants' counsel in the amount of $42,318.97.

Ten days later, on August 19, 2011, Plaintiff, through counsel, filed a Motion for Reconsideration.  Responses were ordered to be filed on or before September 2, 2011, which response date was extended to October 3, 2011.

On September 1, 2011, Carole Taylor filed a "Notice of Entry of Appearance," in which she stated that she was "not withdrawing her motion and is entering her appearance in this matter as she seeks substitute counsel.  In the meantime, she will be handling her motion *pro se.*"

On September 2, 2011, a Motion to Withdraw Appearance was filed by Plaintiff's counsel, in which said counsel represented to the Court that he was concerned that his Motion for Reconsideration was not supported by law and facts, that he had recommended to Ms. Taylor that said Motion be withdrawn but Ms. Taylor refused to withdraw the document, and as result requested permission to withdraw from the case.  The Motion also requested that the Motion for Reconsideration continue as a pro-se document.

Accordingly, it is **ORDERED** that the Motion to Withdraw as Attorney filed by Attorney Marvin Leibowitz is **GRANTED** and the Motion for Reconsideration be continued as a pro se document.

However, on September 7, 2001, Plaintiff, *pro se*, filed a Notice of Appeal of the August 9, 2011 Memorandum Opinion and Order, which moots the pending Motion for Reconsideration.

Accordingly, this matter is hereby **STAYED**.  It is further **ORDERED** that the Clerk of Court shall mark this action administratively closed.


So **ORDERED** this 12th day of September, 2011.


BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc:       Marvin Leibowitz, Esquire
          Marvin Leibowitz & Associates
          marvleibo@yahoo.com

          Carole L. Taylor
          5044 Rosecrest Drive
          Pittsburgh, PA 15210
          (via U.S. Mail and certified Mail,
          Return Receipt Requested)

          Robert J. Williams, Esquire

          Schnader, Harrison, Segal & Lewis
          Email: rwilliams@schnader.com

          Robert J. Garvin, Esquire
          Goldberg, Kamin & Garvin
          Email: robertg@gkgattorneys.com