IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  02: 09- cv-1116 |
| | ) |
| MARGARET MESSMER; | ) |
| MARTHA MESSMER, Executrix of the | ) |
| Estate of Patricia O'Kane; | ) |
| ANTHONY FLATI and RICHARD FLATI, | ) |
| Co-Executors of the Estate of Theresa Flati; | ) |
| and NEGLEY PARK HOMEOWNER'S | ) |
| ASSOCIATION COUNCIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

By Memorandum Opinion and Order of August 9, 2011, the Court ordered that Plaintiff, Carole L. Taylor, pay the grand total of recoverable counsel fees and costs to counsel for Defendants in the amount of $42,318.97. Ten days later, on August 19, 2011, Plaintiff, through counsel, filed a Motion for Reconsideration. Responses were ordered to be filed on or before September 2, 2011.

On September 1, 2011, Carole Taylor filed a "Notice of Entry of Appearance," in which she stated that she was not withdrawing her motion and is entering her appearance in this matter as she seeks substitute counsel. In the meantime, she will be handling her motion *pro se.*"

Defendant Negley Park Homeowners Association Counsel filed its Response to the Motion for Reconsideration (*Document No. 68*) on September 2, 2011. On that same day, Defendants Margaret Messmer; Martha Messmer, Executrix of the Estate of Patricia O'Kane;

and Anthony Flati and Richard Flati, Executors of the Estate of Theresa Flati, moved for an extension of time in which to respond to the Motion for Reconsideration. By Order of September 6, 2011, the request was granted and Defendants were ordered to file a response to the Motion for Reconsideration on or before October 3, 2011.

On September 2, 2011, counsel for Plaintiff, Marvin Lebowitz, Esquire, filed a Motion to Withdraw Appearance in which he represented to the Court that he was concerned that his Motion for Reconsideration was not supported by law and facts, that he had recommended to Ms. Taylor that said Motion be withdrawn but Ms. Taylor refused to withdraw the document, and as a result, he was requesting permission to withdraw from the case.

On September 7, 2001, while the Motion for Reconsideration and Motion to Withdraw Appearance were pending, Plaintiff, *pro se,* filed a Notice of Appeal of the August 9, 2011 Memorandum Opinion and Order.

By Memorandum Order of September 12, 2011, the Court ruled that the Notice of Appeal mooted the pending Motion for Reconsideration and ordered the Clerk of Court to mark this action administratively closed.

However, upon review, it appears that the Court improvidently entered the Memorandum Order of September 12, 2011. Generally, once a notice of appeal is filed, the district court loses jurisdiction over the matters appealed. However, a notice of appeal does not divest the district court of jurisdiction if, at the time the notice of appeal was filed, there was then a pending motion for reconsideration. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Accordingly, the Memorandum Order of September 12, 2011 is hereby **VACATED** to the extent that the Motion for Reconsideration was deemed moot and the case was stayed.

Accordingly, Defendants Margaret Messmer; Martha Messmer, Executrix of the Estate of Patricia O'Kane; and Anthony Flati and Richard Flati, Executors of the Estate of Theresa Flati, are hereby **ORDERED** to file their Response to the Motion for Reconsideration filed by Plaintiff on or before **October 3, 2011.**

So **ORDERED** this 20th day of September, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Carole L. Taylor
        5044 Rosecrest Drive
        Pittsburgh, PA 15210
        (via U.S. Mail and certified Mail,
        Return Receipt Requested)

        Robert J. Williams, Esquire
        Schnader, Harrison, Segal & Lewis
        Email: rwilliams@schnader.com

        Robert J. Garvin, Esquire
        Goldberg, Kamin & Garvin
        Email: robertg@gkgattorneys.com