# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CAROLE L. TAYLOR, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | 02: 09-cv-1116 |
| MARGARET MESSMER; MARTHA MESSMER, Executrix of the Estate of Patricia O'Kane; ANTHONY FLATI and RICHARD FLATI, Co-Executors of the Estate of THERESA FLATI, and NEGLEY PARK HOMEOWNER'S ASSOCIATION COUNCIL, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM ORDER OF COURT

Presently pending before the Court for disposition is the MOTION FOR RECONSIDERATION AND MODIFICATION filed by Plaintiff, Carole L. Taylor (Document No. 63), the REPLY and AMENDED REPLY TO THE MOTION FOR RECONSIDERATION filed by Defendant Negley Park Homeowners Association Council (Document Nos. 68 and 75) and the MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION filed by Defendants Margaret Messmer; Martha Messmer, Executrix of the Estate of Patricia O'Kane; and Anthony Flati and Richard Flati, Executors of the Estate of Theresa Flati (*Document No. 74*).

Plaintiff requests that the Court vacate its Memorandum Opinion and Order of Court entered August 9, 2011, in which the Court directed that Plaintiff shall pay $42,318.97 in attorney fees and costs.

The Court finds and rules that Plaintiff has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration.

Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). Plaintiff has pointed to no intervening change in controlling law, new evidence, a clear error of law, or manifest injustice.

Plaintiff continues to advance the same arguments that she made in response to the motions for attorneys fees. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

Fatal to the pending motion, nothing new has been supplemented to the record by the Motion for Reconsideration.

**AND NOW**, this 7th day of October, 2011, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the MOTION FOR RECONSIDERATION AND MODIFICATION filed by Plaintiff is hereby **DENIED.**

On September 7, 2010, Plaintiff filed a Notice of Appeal of the August 9, 2011 Memorandum Opinion and Order. Accordingly, because the Motion for Reconsideration has

now been decided, and there are no other motions pending, it is hereby **ORDERED** that this matter is **STAYED** and the Clerk of Court shall mark this action administratively closed pending disposition of the appeal.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Carole L. Taylor
5044 Rosecrest Drive
Pittsburgh, PA 15201
(via United States Mail and
Certified Mail, Return Receipt Requested)

Robert J. Williams, Esquire
Schnader, Harrison, Segal & Lewis
Email: rwilliams@schnader.com

David A. Wolf, Esquire
Goldberg, Kamin & Garvin
Email: davidw@gkgattorneys.com

Robert J. Garvin, Esquire
Goldberg, Kamin & Garvin
Email: robertg@gkgattorneys.com